a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| QUINCY JACKSON,<br>Petitioner | CIVIL ACTION NO. 5:18-CV-493-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Quincy Jackson ("Jackson") (#83214). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Bossier Maximum Security Center in Plain Dealing, Louisiana. Jackson challenges his conviction of attempted second degree murder.

Because Jackson has not exhausted his claims in the Louisiana courts, his petition should be dismissed without prejudice.

I.   Background

On March 22, 2018, Jackson was convicted of attempted second degree murder in the 26th Judicial District Court, Bossier Parish. (Doc. 1, p. 1). At the time of filing this habeas petition, Jackson had not yet been sentenced. Jackson provides that his sentencing date was set for May 29, 2018. (Doc. 1, p. 1). Therefore, Jackson's conviction is not yet final.

II.     <u>Law and Analysis</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

Thus, to have exhausted his claims in state court, Jackson must have fairly presented the same claims and legal theories he urges in this federal court to the State courts in a procedurally proper manner. And he must have given all appropriate courts an opportunity to address each of his claims, either on direct appeal or in post-conviction proceedings through the Louisiana Supreme Court.

2

Jackson clearly admits in his form petition that he did not do so, and his conviction is not yet final. (Doc. 1).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jackson's petition be DISMISSED WITHOUT PREJUDICE to seeking federal habeas review after his conviction becomes final and he exhausts all federal claims in the Louisiana courts.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _7th_ day of June, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge